OPINION
Defendant-appellant Garry D. Tinsley appeals from the September 26, 2000, Judgment Entry of the Richland County Court of Common Pleas overruling appellant's Motion to Enforce a Plea Bargain pursuant to R.C. 2721.03. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On July 10, 1992, defendant-appellant Garry D. Tinsley [hereinafter appellant] was indicted on one count of murder, in violation of R.C.2903.02. On November 10, 1992, appellant entered a plea agreement with the State of Ohio wherein the charge of murder was amended to involuntary manslaughter, in violation of 2903.04(A). The plea agreement called for a sentence of 10 to 25 years of incarceration, which was duly imposed by the trial court by Judgment Entry filed November 10, 1992. On September 22, 2000, appellant filed a "Motion to Enforce Plea Bargain/Contract pursuant to O.R.C. Sec. 2721.03." Appellant argued in his motion, as he does on appeal, that the Ohio Adult Parole Authority breached the plea agreement when, at his first parole board hearing, the Parole Board placed him in a higher offense category then the category appellant alleges is appropriate for involuntary manslaughter, thereby requiring appellant to serve more time then he expected before becoming eligible for parole. In his motion, appellant made it quite clear that he did not wish to disturb the guilty plea itself, but rather appellant requested that the trial court issue an Order commanding the Adult Parole Authority to provide him with a subsequent parole board hearing consistent with the terms of his plea bargain. On September 26, 2000, the trial court overruled appellant's motion. The trial court found (1) the Ohio Adult Parole Authority was not a party to appellant's plea bargain agreement; (2) The appellant cited no specific provision of the plea bargain agreement which was not honored by the State of Ohio; (3) The authority cited by the appellant, R.C. 2721.03, does not provide him a remedy for another parole board hearing. It is from the trial court's September 26, 2000, Judgment Entry that appellant prosecutes this appeal, raising the following assignment of error:
 WHERE A CRIMINAL DEFENDANT HAS ENTERED INTO A "CONTRACT" WITH A COUNTY PROSECUTOR, UNDER CONTRACTUAL LAW, SHOULD THE OHIO ADULT PAROLE AUTHORITY AS A STATE ENTITY, BE BOUND BY THE TERMS OF THAT "CONTRACT" WHEN CONSIDERING THAT CRIMINAL DEFENDANT FOR PAROLE RELEASE CONSIDERATION.
This case has been assigned to this court's accelerated docket. Before reaching appellant's assignment of error, we will consider whether this action was properly commenced. Appellant brought his motion pursuant to R.C. 2721.03, regarding declaratory judgments. Declaratory judgment actions are to proceed in accordance with the Civil Rules. Civ.R. 57. The Civil Rules require that actions be commenced by the filing of a Complaint. In support of his motion, appellant cites this court to Randolph v. Ohio Adult Parole Authority (Jan. 21, 2000), Miami App. No. 99 CA 17, unreported, 2000 WL 43712, in which a prison inmate filed a Complaint against the Adult Parole Authority and the Miami County Prosecutor alleging that the Adult Parole Authority had breached the plea agreement that Randolph made with the State of Ohio when he was placed in a higher Parole Board Guidelines category than expected. Randolph requested a declaratory judgment to force the Adult Parole Authority to place him in a lower category. However, in Randolph, appellant filed a Complaint against the Ohio Adult Parole Authority and Prosecutor. In this case, appellant has filed no such Complaint. Appellant filed a "Motion to Enforce Plea Bargain/Contract Pursuant to O.R.C. Sec. 2721.03." This motion was filed in the criminal action in which appellant was charged and convicted. Since no civil Complaint was filed against the proper parties, we conclude that this action was not properly commenced. Therefore, while on different grounds, we agree that appellant's Motion was properly overruled by the trial court. Appellant's assignment of error is overruled.
The Judgment of the Court of Common Pleas of Richland County is affirmed.
Edwards, J. Gwin, P.J. and Farmer, J. concur